UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

NATACHA TOUSSAINT,

    Plaintiff,

vs.

ADELE KAHN,

    Defendant.
_____/

## COMPLAINT

Plaintiff, NATACHA TOUSSAINT ("Toussaint"), by and through undersigned counsel, sues Defendant, ADELE KAHN ("Kahn"), and alleges:

### Introduction

1. This is an action by Toussaint against her former employer for unpaid overtime wages and retaliation pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Toussaint seeks damages within this court's jurisdictional requirements, reasonable attorneys' fee and costs, and all other remedies allowable by law.

### Parties, Jurisdiction and Venue

3. Toussaint is over the age of majority and a resident of Palm Beach County, Florida.

4. Kahn is over the age of majority, a resident of Palm Beach County, and is otherwise *sui juris*.

5. During the relevant period, Toussaint performed work for Kahn in Palm Beach County, Florida.

6. Venue is proper in this Court because Kahn employed Toussaint in this District, and the claims arose within this District.

7. All condition precedents have occurred, been waived, or otherwise been satisfied.

A. **Kahn's Misclassification of Toussaint.**

8. Toussaint is an experienced home health care worker.

9. On April 2, 2018, Toussaint began working for Kahn, as well as her husband, Edward Kahn, providing home health care services.

10. The Kahns hired Toussaint directly and not through a home health agency or organization.

11. Unfortunately, Mr. Kahn passed away on February 14, 2020. Following his passing, Toussaint continued to work for Mrs. Kahn.

12. During her employment, Kahn established the tasks Toussaint was to perform.

13. During her employment, Kahn set Toussaint's work hours and schedule.

14. At times, Kahn's daughter Tobina would attempt to interfere and direct Toussaint to work a different schedule.

15. Tobina also would make racial comments to Toussaint, who is of Haitian descent, stating that Toussaint "came off the boat." She would likewise make these comments about the other healthcare workers who were Hispanic, calling them "Guacamole" and stating they should "stop eating rice and beans."

16. Despite her attempts to interfere in the scheduling, Kahn would override Tobina and direct Toussaint when to work and regularly tell Toussaint to "ignore Tobina."

BARNHART LAW FIRM
12555 Orange Drive · Second Floor · Davie, FL 33330
www.BarnhartFirm.com · Phone (954) 526-1814

17. Having a sick child at home to take care of, Toussaint withstood the abuse and did her job.

18. During her employment, Kahn set Toussaint's rate of pay, which fluctuated over her years of employment, both upwards and then downwards.

19. Kahn provided the supplies used by Toussaint to perform her work during her employment.

20. Kahn paid Toussaint directly and not to any business account.

21. Toussaint was economically dependent on her employment with Kahn as, during the relevant period, it was her sole source of income.

22. Despite this, Kahn misclassified Toussaint as an independent contractor.

23. During most work weeks, Kahn required Toussaint to submit timesheets in the following form:

**Weekly Time Sheet**

| Name | Notaclatoussaint | | |
|---|---|---|---|
| Hourly Rate | | | |
| For the Week Ending | 2/28/20 | | |

| Day of the Week | Time In | Time Out | Hours Worked |
|---|---|---|---|
| Saturday 2/22 | 6:30 pm | 9:30 am | 15 |
| Sunday 2/23 | 7 pm | 9 am | 14 |
| Monday 2/24 | 7 pm | 9 am | 14 |
| Tuesday 2/25 | 7 pm | 9 am | 14 |
| Wednesday 2/26 | 7 pm | 9 am | 14 |
| Thursday 2/27 | 7 pm | 9:30 am | 14.5 |
| Friday 2/28 | 7 pm | 9 am. | 14 |
| | | Total Hours | 99.5 |
| | | Total Earned | |

24. Toussaint rendered the home health care services at Kahn's private residence ("Residence") in Palm Beach, Florida.

BARNHART LAW FIRM
12555 Orange Drive · Second Floor · Davie, FL 33330
www.BarnhartFirm.com · Phone (954) 526-1814

25. Kahn claimed a homestead exemption on the Residence during the entirety of Toussaint's employment.

26. Toussaint never lived at Kahn's residence during her employment.

27. These services Toussaint provided included dressing, grooming, feeding, bathing, toileting, wound care, and cleaning Kahn, as well as assisting Kahn with the physical taking of medications (collectively, the "Services").

28. In each workweek of her employment, Toussaint spent the majority of her workweek providing the Services at the Residence.

29. Kahn would pay Toussaint on a weekly basis.

30. Kahn paid Toussaint with a check from Kahn's personal bank account.

31. Toussaint affected commerce by handling goods in her employment that have moved in or were produced for interstate commerce, including soaps, clothing, personal hygiene products, and detergents.

32. Toussaint was a non-exempt "domestic service worker" who worked in and about Kahn's Residence.

33. Kahn was Toussaint's employer and is subject to the FLSA.

34. Toussaint was Kahn's non-exempt employee pursuant to the FLSA.

B. **Kahn's Failure To Pay Toussaint In Accordance With The FLSA.**

35. During her employment, Toussaint was paid $26.00 per hour for the period of April 26, 2019 through late February 2020 dollars per hour. From March 2020 through termination of her employment, Toussaint was paid $20.00 per hour.

36. During her employment, Toussaint worked an average of seventy (70) to one hundred (100) hours per week.

37. The only exception to Toussaint working an average of seventy (70) to one hundred (100) hours per week was in or around September 2021, when Kahn informed Ms. Toussaint that her son told her that she could "get in trouble" for the number of hours Toussaint was working.

38. Following this, Toussaint's hours were reduced for a few weeks. Kahn then directed that Toussaint resume working her regular schedule.

39. Kahn, however, never paid Toussaint an overtime premium for the overtime hours worked as required by the FLSA.

40. Kahn only paid Toussaint her regular hourly rate for the overtime hours worked.

41. Kahn is in direct violation of the FLSA for her absolute failure to pay Toussaint time-and-a-half her regular rate of pay for all time worked over 40 in a workweek during her employment.

42. On January 24, 2022, Toussaint complained to Kahn about her failure to pay her overtime in writing.

43. The next day, Toussaint was terminated by Kahn.

44. The sole reason for Toussaint's termination was the fact that she complained to Kahn about unpaid overtime wages.

5 | P a g e
BARNHART LAW FIRM
12555 Orange Drive · Second Floor · Davie, FL 33330
www.BarnhartFirm.com · Phone (954) 526-1814

## COUNT I

### OVERTIME VIOLATION UNDER THE FAIR LABOR STANDARDS ACT

45. Toussaint re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 above as if fully set forth herein.

46. During her employment with Kahn, Toussaint was a non-exempt domestic service worker.

47. During her employment with Kahn, Toussaint worked overtime hours.

48. Kahn, however, did not compensate Toussaint at time-and-a-half her regular rate of pay for each overtime hour worked.

49. Toussaint is owed overtime pay.

50. In addition, Kahn is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of her intentional and willful violation of the FLSA.

**WHEREFORE,** Toussaint respectfully requests that the Court:

a. Enter judgment for Toussaint against Kahn under the FLSA;

b. Award Toussaint actual damages for the unpaid overtime wages;

c. Award Toussaint liquidated damages;

d. Award Toussaint her attorneys' fees and costs;

e. Award Toussaint all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT II

### UNLAWFUL RETALIATION PURSUANT TO THE FAIR LABOR STANDARDS ACT

51.  Toussaint re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 above as if fully set forth herein.

52.  During her employment with Kahn, Toussaint was a non-exempt domestic service worker.

53.  Toussaint engaged in protected activity prior to the filing of this lawsuit by advising Kahn of her entitlement to unpaid wages.

54.  Kahn retaliated against Toussaint for engaging in such protected activity by terminating her employment the day after the protected activity occurred.

55.  Kahn's retaliatory conduct was intended to chill Toussaint's willingness to enforce her rights under the FLSA.

56.  Reasonable workers would naturally be dissuaded from filing an FLSA lawsuit when faced with the retaliatory conduct Kahn has engaged in.

57.  Toussaint has suffered mental and emotional distress because of Kahn's retaliatory conduct.

**WHEREFORE,** Toussaint respectfully requests that the Court:

a.  Enter judgment for Toussaint against Kahn under the FLSA;

b.  Award Toussaint actual damages;

c.  Award Toussaint liquidated damages;

d.  Award Toussaint front pay and back pay;

e.  Award Toussaint compensatory damages for mental and emotional distress;

  f.  Award Toussaint her attorneys' fees and costs;

  g.  Award Toussaint all recoverable interest; and

  h.  Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Toussaint hereby requests a trial by jury with respect to all claims so triable.

        Respectfully submitted,

        ***/s/ Valerie Barnhart***
        Valerie Barnhart, Esq.
        Florida Bar No. 88549
        valerie@barnhartfirm.com
        **BARNHART LAW FIRM**
        12555 Orange Drive, Second Floor
        Davie, Florida 33330
        Phone: 954.526.1814
        *Attorneys for Toussaint*